JOHN HOOPER EVANS, by his Guardian, v. MICHAEL HAYS, Executor of ELEANOR HOOPER, deceased.

Parol evidence is admissible to prove identity, or show a mistake in the name of a legatee.

THIS was a bill filed for a legacy. In the will the legatee is called James Hooper Evans, and is described as the son of James Evans, a nephew of testatrix. It is proved there was but one

[Evans v. Ex'r of Hooper.]

nephew, viz. James Evans; that he lived in the house with testatrix; that a child of this nephew, whose name is John, was a favorite of the testatrix; and that the nephew had no other son, nor any other child, save John, the complainant. The scrivener also proved, that this child was intended by the testatrix, and that he, the scrivener, mistook the name.

There was no other person claiming, and the executor submitted himself to the direction of the court.

*Brainerd Clark*, for complainant.

*Kinsey*, for defendant.

THE CHANCELLOR. The case is clear for the complainant. Parol evidence is admissible to prove identity, or show a mistake in the name of a legatee.

In *Beaumont* v. *Fell*, 2 *P. Wms.* 140, a legacy given to *Catharine Earnley* was held good to *Gertrude Yardley*, proof being made that it was intended for her, and no person of the former name being known. See also *Goodinge* v. *Goodinge*, 1 *Vesey*, 231; *Thomas* v. *Thomas*, 6 *D. and E.* 671. The English cases are collected in 2 *Bridg. Dig. Index*, title *Evidence*, III. 84.

In *Neathway* v. *Ham*, 1 *Tamlyn*, 316, (5 *Cond. C. R.* 410,) the master of the rolls directed an inquiry whether the testator, by the words "Mary Bridge, my cousin," in his will, meant a certain person named *Mary Hillditch*, remarking at the same time, that the fact had been so clearly proved, he considered the inquiry an idle one.

In the present case, it is declared, that the legacy was intended to be given to John Hooper Evans, the complainant, and that he is entitled to recover it from the executor.

Let it be referred to a master to take an account of the sum due.